Thomas Wayne SUSCHANK, Appellant,

v.

**STATE of Missouri, Respondent.**

**No. 48335.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 4, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1985.

Application to Transfer Denied
Oct. 16, 1985.

Dave Hemingway, St. Louis, for appellant.

William Webster, Atty. Gen., Mark A. Richardson, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Rule 27.26 motion denied after an evidentiary hearing.

Found guilty of second degree murder and sentenced to life in prison defendant appealed. We affirmed. See *State v. Suschank*, 595 S.W.2d 295 (Mo.App.1979).

By his single point now relied on defendant refers to trial evidence. As recited in our cited opinion:

"On the floor near the victim lay a candle. Imbedded in the candle was a hair which was microscopically similar to the hair of the victim.... A police officer specializing in identifying fingerprints testified that the fingerprints lifted off the candle seized from the victim's apartment were definitely those of the defendant's left palm."

Defendant now contends his trial counsel failed "to test the potentially exculpatory evidence of hair not belonging to the appellant nor his victim."

This point was denied by the motion court, holding:

"This Court finds no evidence to support movant's allegations that any hair samples or the reports pertaining to their analysis were withheld from movant either intentionally or otherwise. Further, defendant bases his claim that he was prejudiced by the alleged failure to disclose these items on his contention that a hair embedded in a candle belonged neither to him or the victim of the crime. Movant claims this hair could thus establish the identity of the real perpetrator and exonerate him. However, this Court finds, as did the Court of Appeals, that the evidence at trial showed that 'embedded in the candle was a hair which was microscopically similar to the hair of the victim.' *State v. Suschank*, supra at 296. For this reason, even had the hair been withheld from movant, it was of no value in establishing he was not the killer as he alleges."

We limit our review to determining whether the motion court's findings are clearly erroneous, and find defendant has failed to meet his burden of so showing.

Affirmed.

DOWD, P.J., and CRIST, J., concur.